UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| Zou Jie., <br><br> Plaintiffs, <br><br> - against – <br><br> C.O. James. Burgos, C.O. Jason Masud Waldrop, and C.O. John Doe #1 to C.O. John Doe #8 <br><br> Defendants | Case No. 7:24-cv-05117 <br><br> **Complaint and Jury Demand** |

PRELIMINARY STATEMENT

1. This is a civil rights action in which Plaintiff seeks relief for the violation of their rights secured by 42 USC §§1983 and 1988, and the Eighth and Fourteenth Amendments to the Constitution of the United States of America.

2. The claim arises from an assault on Plaintiff that caused him to sustain a serious and permanent injury to his right ankle. The assault was the culmination of the deliberate indifference by the defendant correction officials and the City of New York resulting in serious injury to the Plaintiff and the deprivation of his right to be free of cruel and unusual punishment guaranteed by the Eighth Amendment and Fourteenth Amendment to the Constitution of the United States.

3. Plaintiff seeks monetary damages (special, compensatory, and punitive) against defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION

4. This action is brought pursuant to 28 USC § 1331 and 42 USC § 1983. Pendent party jurisdiction is asserted.

5. Venue is laid within the United States District Court for the Southern District of New York in that Defendants are located within and a substantial part of the events giving rise to the claim occurred within the boundaries of the Southern District of New York.

## PARTIES

6. Plaintiff is a citizen of the State of New York and at all relevant times was in the custody of the New York Department of Corrections and Community Supervision ("DOCCS") at the Fishkill Correctional Facility ("Fishkill") located at 18 Strack Drive, Beacon, New York 12508.

7. Defendant C.O. James. Burgos is a correction officer employed at Fishkill by DOCCS.

8. Defendant C.O. John Wardrop (first name unknown, last name by phonetic spelling) is a correction officer employed at Fishkill by DOCCS.

9. Defendants John Doe #1 to #9 are correction officers employed at Fishkill by DOCCS who present, observe and/or participated in the assaulting Plaintiff on January 7, 2023. However, the identity of Correction Officer John Doe is unknown to Plaintiff.

10. Defendant John Doe #1 is a Sergeant with dark skin who speak Spanish.

11. At all time herein mentioned, Defendant Burgos was acting within the course and

    scope of his employment as a DOCCS a correction officer.

12. At all time herein mentioned, Defendant John Wardrop (first name unknown, last name by phonetic spelling) was acting within the course and scope of his employment as a DOCCS a correction officer.

13. At all time herein mentioned, Defendants John Doe #1 to #8 were acting within the course and scope of his employment as a DOCCS a correction officer.

14. Upon information and believe, at all time herein mentioned, Defendants John Doe #1 to #8 are acting within the course and scope of their employment as DOCCS correction officers.

15. At all times here mentioned defendant Burgos was acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

16. At all times here mentioned defendant Wardrop (first name unknown, last name by phonetic spelling) was acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

17. At all times here mentioned defendants John Doe #1 to #8, correction officers whose identities are unknown to Plaintiff, were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

HISTORY OF USING EXCESSIVE FORCE AT FISHKILL AGAINST PRISONERS

18. Upon information or believe, Correction Officers at Fishkill facility has repeatedly used excessive force including caused death of inmates.

19. Reportedly, former prison inmate Antoine Jackson has "watched guards kill inmates, stab them and throw them off top tiers. Similarly, Jackson was "hurt and beat several times". Allegedly, "they can hide anything."[1]

20. Without surprise, on May 22, 2023, the Marshal Project, a nonprofit journalism about criminal justice together with the New York Times published a report named "How a Blue Wall Inside New York State Prisons Protects Abusive Guards".[2]

21. The Report named Chad Stanbro, a prisoner who was assaulted by correction officers in Fishkill. And reportedly, similar to Plaintiff, Stanbro had "reported no injuries" despite Stanbro's injuries were obvious.

22. Admittedly, in Stanbro incident, guards conspiracy covered up for others.

23. The New York Times further reported a prisoner, Nick Magalios, sued the correction officers in Fishkill alleging he was punched and kicked by correction officers.[3]

24. Reportedly, the officers including Mathew Peralta, who had reprimanded Mr. Magalios are still working at Fishkill.

25. Upon information and believe, Correction officers at Fishkill repeatedly use

---

[1] https://westchester.news12.com/whistleblowers-allege-abuse-by-corrections-officers-at-fishkill-other-state-prisons

[2] https://www.themarshallproject.org/2023/05/22/new-york-prison-corrections-officer-abuse-cover-up

[3] https://www.nytimes.com/2023/05/19/nyregion/ny-prison-guards-brutality-fired.html

excessive force and denying inmates' constitutional rights which caused the DOCCS paid millions of dollars in 2019 alone to settle claims by injured inmates.

26. Fishkill facility also reportedly engaged into conspiracy in denying inmates' constitutional rights.

27. Reported by Paul Harrington, a former Fishkill correction officers who retired in 2018 after 20 years at the prison, he was told to change his paperwork to set the tone with the other reports.

28. Reportedly, some incarcerated people reported instances of staff assault and the need for cameras, the Fishkill facility executive team while acknowledged the need for body cameras but yet provide the estimate timeline for installation. See CANY Report May 8, 2024[4]. Exh. A

29. In the same report, Fishkill has unusually high assault data of assault on incarcerated individuals from January to August 2023. See CANY ¶8-9.

## STATEMENT OF FACTS

30. On January 7, 2023, Plaintiff was working in the Kitchen 21. During or at the end of the work, Plaintiff took some chicken legs without permission. Plaintiff tied chicken legs around his waist. Correction officers pat down and frisk Plaintiff.

31. After the pat down and frisk, Plaintiff was assaulted and seriously injured by correction officer James Burgos and correction officer Wardrop (last name by phonetic) together with eight other corrections officers, whose identities are

---

[4] https://highlandscurrent.org/wp-content/uploads/2024/05/CANY_Briefing-Fishkill_05062024.pdf

unknown to Plaintiff, after a pat down and frisk. Such excessive force broke Plaintiff's right ankle and caused significant injury, pain and suffering to Plaintiff.

32. Plaintiff, on January 7, 2023, was ordered by correction officers to get down on the ground with face down. Plaintiff complied with the order and been punched from the back.

33. Plaintiff was handcuffed by Defendant Burgos. Without provocation, the correction officers used pepper spray which cause Plaintiff unable to identify the Correction Officers involved.

34. Two of the correction officers hold Plaintiff on the ground the third correction officer stepped on his right ankle. Plaintiff was punched repeatedly.

35. Despite Plaintiff's right ankle was broken by the correction officers, Plaintiff was forced to stand against wall by Defendant Burgos and was punched by correction officers repeatedly again.

36. Afterwards, three correction officers including one sergeant escorted him away from the kitchen.

37. Plaintiff timely requested medical treatment, which was refused by the Correction Officers. Plaintiff was threatened in order to see a doctor, he needs to fall in front of a surveillance camera for the purpose to create cover-up footage.

38. It is believed among the correction officers mentioned above, who participated or observed the incident had an agreement to cover-up the incident.

39. Plaintiff was provided opportunity to visit Dr. Wolf, infirmary physician on the next day, January 8, 2023.

40. Thereafter, Plaintiff was thrown into a cell for five to seven days despite this right ankle was fractured. The above-referenced delay of treatment aggravated Plaintiff's injury.

41. Eventually, Plaintiff was taken to Westchester Medical Center for treatment of the broken ankle. He was given X-ray which shows that he suffered from bone comminuted fracture and a surgery was given later. Then, afterwards, Plaintiff was placed in a "restrictive movement unit", solitary confinement until April 7, 2023.

42. Later, an Officer from the DOCCS office of Special Investigation (OSI) visited Plaintiff and informed by Plaintiff the injury was caused by an assault. Surprisingly, the OSI officer reacted by saying that so the injury was not caused by a fall accident. It appears the correction officers mentioned above submitted a false report which they agreed upon indicating the injury was caused by a fall accident.

43. Afterwards, Plaintiff was repeatedly transferred between units inside the facility. It is believed the 10 correction officers had another agreement to cover-up this incident.

44. As a result of the aforementioned collective actions of Defendants, plaintiff sustained severe physical and emotional injuries, including but not limited to a severe injury to the right ankle that required surgical repair, and endured and will continue to endure pain and suffering, loss of enjoyment of life, extreme emotional distress, medical expenses, and other economic loss.

45. That the actions of defendants herein were intentional, sadistic, and malicious, and served no legitimate penological interest.

## FIRST CAUSE OF ACTION
(42 U.S.C. § 1983 - EIGHTH AMENDMENT TO THE CONSTITUTION OF THE UNITED STATES)

46. Plaintiff repeats and realleges each and every allegations set for the above as though fully set forth at length herein.

47. That the aforementioned acts by defendants were in violation of the rights guaranteed to Plaintiff under the Eighth Amendments to the U.S. Constitution to be free from cruel and unusual punishment.

48. That the aforementioned acts by defendants were in violation of the substantive due process right guaranteed to Plaintiff under Eighth Amendments of the U.S Constitution.

49. As a result thereof, Plaintiff is entitled to recover damages from Defendants pursuant to 42 U.S.C. § 1983.

## SECOND CAUSE OF ACTION
(42 U.S.C. § 1983 - FOURTEENTH AMENDMENT TO THE CONSTITUTION OF THE UNITED STATES)

50. Plaintiff repeats and realleges each and every allegations set for the above as though fully set forth at length herein.

51. That the aforementioned acts by defendants were in violation of the substantive due process rights guaranteed to Plaintiff under the Fourteenth Amendments to the U.S. Constitution

52. That the aforementioned acts by defendants were in violation of the substantive due process right guaranteed to Plaintiff under Fourteenth Amendments of the

U.S Constitution.

53. As a result thereof, Plaintiff is entitled to recover damages from Defendants pursuant to 42 U.S.C. § 1983.

## THIRD CAUSE OF ACTION
(42 U.S.C. § 1985 – CONSPIRACY)

54. Plaintiff repeats and realleges each and every allegations set for the above as though fully set forth at length herein.

55. That the aforementioned acts by defendants were result by an agreement(s) to cover-up the incident involving using excessive force.

56. That the aforementioned acts by defendants were in violation of the substantive due process right guaranteed to Plaintiff under Fourteenth Amendments of the U.S Constitution.

57. As a result thereof, Plaintiff is entitled to recover damages from Defendants pursuant to 42 U.S.C. § 1985.

**WHEREFORE**, Plaintiff demands judgment against the defendants, jointly and severally, as follows:

A. In favor of Plaintiff in an amount to be determined by a jury for each of Plaintiff's causes of action;

B. Awarding Plaintiff punitive damages in an amount to be determined by a jury;

C. Awarding Plaintiff reasonable attorneys' fees, costs and disbursements of this action; and

D. Granting such other and further relief as this Court deems just and proper.

JURY DEMAND

Plaintiff demands a trial by jury.

Date:   July 5, 2024

        Flushing, NY

        /s/ Louisa Wu
        By: Louisa Wu
        3808 Union Street, Suite 9A
        Flushing, NY 11354
        T 718 473 9188
        F 855 866 4321
        www.wulawgroup.com
        *Counsel for Plaintiff*

## Verification

I hereby authorize the filing of above pleading on my behalf, and do hereby declare, subject to the penalties of perjury under the laws of the United State and New York, that the foregoing is true and correct, except where alleged upon information and belief, and with respect to those allegations, I believe them to be true.

Date: June 27, 2024

By: _[signature]_

Print: Jie Zou

Notary

State of New York

County of Queens

On June 27, 2024, Jie Zou personally come before me and, being duly sworn, did state that he is the person described in the above document and that he signed the above document in my presence as a free and voluntary act for the purposes stated

Notary signature _[signature]_

LULU WU
Notary Public, State of New York
No. 02WU6307335
Qualified in Queens County
Certificate filed in New York County
Commission Expires July 7, 20__