UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------- x
ZOU JIE,

               Plaintiff,

    - against -

C.O. JAMES BURGOS, C.O. JASON MASUD
WALDROP, SGT. ROBERT CRUZ,
C.O. MARIO MOREL, C.O. MATTHEW
PARASCANDOLA (Badge # 57147) and
C.O. JOHN DOE #1 to #3,

               Defendants.
---------------------------------------------------------------- x

24-CV-5117 (CS)

**CONFIDENTIALITY STIPULATION
AND PROPOSED PROTECTIVE ORDER**

    WHEREAS, the parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

    ORDERED that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the pre-trial phase of this action:

    1.    Counsel for any party may designate any document or information, in whole or in part, as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret, or otherwise sensitive non-public information ("Confidential Information"). Information and documents designated by a party as confidential will be stamped "CONFIDENTIAL."

    2.    The Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the action.

    3.    In the event a party challenges another party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of the Confidential Information.

    4.    Documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

        a.    The requesting party and counsel, including in-house counsel;

        b.    Employees of such counsel assigned to and necessary to assist in the litigation;

1

   c. Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel; and

   d. The Court (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court).

5. The parties should meet and confer if any production requires a designation of "For Attorneys' or Experts' Eyes Only" beyond the following categories of documents, which Defendants may mark as "For Attorneys' or Experts' Eyes Only":

   a. All directives or written policies issued by DOCCS or any correctional facility operated by DOCCS that are classified as "D" in DOCCS Directive 0001, indicating that they contain information affecting the safety and security of correctional facilities and are handled as confidential material and restricted from unauthorized access; and

   b. Materials reflecting health care (including, but not limited to, drug or substance abuse records), mental health care, and labor relations records that contain PII concerning any employee of DOCCS, any incarcerated individual in the custody of DOCCS, or any person subject to community supervision by DOCCS, provided that, for mental health records, the review and determination required by New York Mental Health Law § 33.16 has been completed before any records approved for release are produced, and provided that, for any records that constitute law enforcement disciplinary records as defined in NYS Public Officers Law ("POL") § 86, such records shall be redacted consistent with obligations under POL §§ 89 and 96;

   c. Personnel records or other documents pertaining to the individual's employment, including, but not limited to, records of disciplinary proceedings, performance evaluations, and counseling, which would not otherwise be subject to a public right of access under the Freedom of Information Law ("FOIL"), Article 6 (Sections 84-90). Further, provided that, for any records that constitute law enforcement disciplinary records as defined in POL § 86, such records shall be redacted consistent with obligations under POL §§ 89 and 96;

   d. Directives or written policies issued by DOCCS or any correctional facility operated by DOCCS that are not publicly available and are classified as "D" within the meaning of DOCCS Directive 0001, indicating that they contain information affecting the safety and security of correctional facilities and are handled as confidential material and restricted from unauthorized access;

e.   DOCCS training materials that are not publicly available and refer to or concern correctional, community supervision or institutional safety, security, or good order; and

f.   Any other records, photographs, videos, maps, diagrams or materials that Defendants believe would compromise the safety or security of a DOCCS facility or office if disclosed to an incarcerated individual in the custody of DOCCS and/or the general public.

6. Any material marked "Attorneys' or Experts' Eyes Only" will be treated as Confidential in accordance with the terms of this Stipulation and Order except that, in addition, such information shall not be released or disclosed in any matter to any person except Plaintiff's counsel or the categories of persons listed in Paragraphs 4(b-d), including Plaintiff or any other incarcerated individual.

7. Prior to disclosing or displaying the Confidential Information to any person, counsel must:

a.   Inform the person of the confidential nature of the information or documents;

b.   Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and

c.   Require each such person to sign an agreement to be bound by this Order in the form attached as Exhibit A.

8. The disclosure of a document or information without designating it as "CONFIDENTIAL" shall not constitute a waiver of the right to designate such document or information as Confidential Information. If so designated, the document or information shall thereafter be treated as Confidential Information subject to all the terms of this Stipulation and Order.

9. Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure.

10. Pursuant to Federal Rule of Evidence 502, the production of privileged or work product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

11. Notwithstanding the designation of information as "CONFIDENTIAL" in discovery, there is no presumption that such information shall be filed with the Court under seal. The parties shall follow the Court's procedures for requests for filing under seal.

12. At the conclusion of litigation, Confidential Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected.

13. Nothing herein shall preclude the parties from disclosing material designated to be Confidential Information if otherwise required by law or pursuant to a valid subpoena.

14. All parties agree that any personal medical records (e.g., records from any medical providers, mental health treatment records, and any information or materials regarding health care and treatment) are presumptively confidential and shall be treated as "Confidential Information" within the meaning of this Protective Order, with or without further stamping or designation.

SO STIPULATED AND AGREED.

Dated: ~~May~~ June 10, 2025

_____
Counsel for Plaintiff

_____
Counsel for Defendants

SO ORDERED.

_____   6/11/25
CATHY SEIBEL, U.S.D.J.

# EXHIBIT A

## Agreement

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled *Zou v. Burgos, et al*. have been designated as confidential or for an attorney's or expert's eyes only. I have been informed that any such documents or information labeled "CONFIDENTIAL" or "For Attorneys' or Experts' Eyes Only" are confidential by Order of the Court. I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

Dated: _____, 2025

_____
Name (printed)

_____
Signature

Signed in the presence of:

_____
(Attorney)